COMMONWEALTH *vs.* JOSHUA DOW.

In a criminal case brought to the court of common pleas by appeal, a copy of the papers, headed "Lowell Police Court," the first paper signed "S. P. Hadley, Clerk P. C." and each of the others certified as "A true copy, attest: S. P. Hadley, Clerk," is sufficient.

In a criminal case tried on appeal in the court of common pleas, the jury were allowed to take all the papers upon retiring to consider their verdict; but were instructed that the complaint only should be referred to as setting forth the offence, and that no part of the record could be used as evidence of the offence.  *Held,* that the defendant had no ground of exception.

COMPLAINT to the police court of the City of Lowell for an unlawful sale of intoxicating liquors.  The papers transmitted to the court of common pleas were headed " Lowell Police Court ; " the first, being the bill of costs, was signed " S. P. Hadley, Jr., Clerk P. C. ; " and each was certified at the bottom " A true copy, attest : S. P. Hadley, Jr., Clerk."

At the trial in the court of common pleas, the defendant contended that none of the papers in the case, except the complaint,

should go to the jury, when they retired to consider their verdict. Yet *Bishop*, J. permitted the jury to take all the papers; but instructed them that the complaint only should be referred to as setting out the offence charged, and that no part of the record could be used as evidence of the offence.

After conviction, the defendant moved in arrest of judgment, that the complaint was not properly certified from the court below. This motion was overruled, and the defendant alleged exceptions.

*W. S. Gardner*, for the defendant.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

DEWEY, J.   1. The objection taken that the complaint was not properly certified from the court below has no foundation. The certified copy sent up begins thus, " Lowell Police Court," and the first certificate is signed by " S. P. Hadley, Jr., Clerk P. C." The subsequent certificates appended to different documents are attested merely, " S. P. Hadley, Jr., Clerk; " but this, taken in connection with the commencement of the entire cc oy, sufficiently indicates the character of Hadley as clerk of the police court.

2. The objection that the entire record was placed in the hands of the jury, upon their retiring to consider the case, furnishes no ground for setting aside the verdict. The jury were instructed to refer only to the complaint, and that no part of the record could be used as evidence of the offence charged. It is certainly the better course to deliver the copy of the complaint alone to the jury, where it is practicable; but the authenticated copy of the complaint may be a portion of a continuous connected record, and not easily separated from the other proceedings in the case. Practically, no injury can arise from sending the entire record of the court below to the jury, inasmuch as no appeal can be taken from the judgment of the inferior court, unless that court finds the accused guilty; and hence the record of such finding, if sent to the jury, adds nothing to the knowledge of the jury as to the judgment of the court appealed from

*Exceptions overruled.*